# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE

## ROBERT L. TAYLOR v. MICHELLE TAYLOR BOWERS

**Appeal by permission from the Court of Appeals, Eastern Section
Chancery Court for Unicoi County
No. 5619 G. Richard Johnson, Chancellor**

---

**No. E1999-01774-SC-R11-CV - Filed February 23, 2001**

---

We granted permission to appeal in this case to determine whether or not incarceration is an available sanction under Tennessee Rule of Civil Procedure 11. We conclude that incarceration is not an available sanction under Rule 11 and therefore vacate that portion the trial court's order imposing a jail sentence as a Rule 11 sanction. We remand this case to the trial court to consider whether a Rule 11 sanction is warranted, and if so, for imposition of an appropriate Rule 11 sanction.

**Tenn. R. App. P. 11; Judgment of the Trial Court and Court of Appeals Reversed in Part; Case Remanded to Trial Court**

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Robert L. Taylor, Johnson City, Tennessee, Pro Se Appellant.

Judith Fain, Johnson City, Tennessee, for the appellee, Michelle Taylor Bowers.

## OPINION

The appellant, Robert L. Taylor, and the appellee, Michelle Taylor Bowers, were granted a divorce on December 20, 1994. Bowers was awarded custody of their minor child. Thereafter, Taylor has filed numerous motions relating to visitation and custody issues. This case arose when Taylor filed a petition seeking, among other things, a change of custody. The trial court concluded that Taylor had failed to prove that a change of custody was warranted, and thus, denied Taylor's petition. In addition, the trial court ordered Taylor to pay his child support arrearage.

In addition to issuing these rulings, at the conclusion of the hearing the trial court found that Taylor had violated Tennessee Rule of Civil Procedure 11 by filing a "frivolous, meritless, worthless claim for change of custody." The trial court further found that Taylor had filed the claim for the

purposes of harassment and being vexatious. The trial court then sentenced Taylor "to two days in the county jail for his Rule Eleven violations."

Taylor appealed, but the Court of Appeals affirmed the trial court's decision without addressing Taylor's challenge to the purported Rule 11 sanction of two days in jail. Taylor then filed an application for permission to appeal to this Court. We have concluded that the application should be granted and have filed an order contemporaneously with this opinion granting the application. In addition, we have concluded that Tennessee Rule of Appellate Procedure 11(f) relative to briefing should be suspended to expedite the case because there is no dispute among the parties about either the law or the facts controlling the issue raised in the application. See Tenn. R. App. P. 2 ("For good cause, including the interest of expediting decision upon any matter, the Supreme Court . . . may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion. . . .").

Taylor asserted in his application for permission to appeal that "incarceration is not an allowable sanction" under Rule 11 and therefore the trial court "overstepped It's bounds." Bowers apparently agrees with Taylor because she has filed a response stating that on "two separate occasions she has had her counsel write to [Taylor] offering to submit a Motion to the trial court to rescind its Rule 11 sanction regarding the imposition of a jail sentence." We agree with the parties that incarceration is not an appropriate sanction for Rule 11 violations. In pertinent part, Rule 11.03 provides that

> (2) A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, and [sic] order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
>
> > (a) Monetary sanctions may not be awarded against a represented party for a violation of subdivision 11.02 (2).
> >
> > (b) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

Tenn. R. Civ. P. 11.03(2). Nothing in this rule authorizes a trial court to impose a jail sentence as a sanction for a violation of Rule 11. Accordingly, we conclude that the trial court exceeded its authority in this case. We therefore vacate that portion of the trial court's order imposing a jail sentence as a sanction for a Rule 11 violation and remand to the trial court for consideration of

whether a sanction is warranted, and if so, for imposition of an appropriate sanction. Costs of this appeal are taxed to the appellant, Richard Taylor, for which execution may issue if necessary.

_____

FRANK F. DROWOTA, III, JUSTICE